ORIGINAL

FLORENCE T. NAKAKUNI 2286
United States Attorney
District of Hawaii

HARRY YEE 3790
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: Harry.Yee@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 24 2011
at 4 o'clock and 30 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>KIMBERLY A. CHOI,<br><br>Respondent. | CIVIL NO. CV11 00058 JMS KSC<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; DECLARATION OF REVENUE OFFICER VENICE HOCHMAN; DECLARATION OF REVENUE OFFICER LYNNE G. MEYER; EXHIBIT A |

PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

The United States of America, through undersigned counsel, hereby petitions this Court for an order enforcing Internal Revenue Service (hereinafter referred to as "IRS") administrative summons served on Respondent Kimberly A. Choi, and alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury,

and at the direction of the Attorney General of the United States.

2. Jurisdiction over this matter is conferred upon this Court pursuant to I.R.C. (26 U.S.C.) §§ 7402(b) and 7604(b) and 28 U.S.C. §§ 1340 and 1345.

3. The proper venue in this matter is the District of Hawaii as the Respondent resides in or may be found within the boundaries of this district.

4. Venice Y. Hochman is a Revenue Officer employed in the Small Business/Self-Employed Division of the IRS and is authorized to issue IRS administrative summonses pursuant to I.R.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 4 (as revised). (Declaration of Revenue Officer Hochman (hereinafter referred to as "Hochman Decl.") at ¶ 1).

5. Lynne Meyer is a Revenue Officer employed in the Small Business/Self-Employed Division of the IRS and is authorized to serve IRS administrative summonses pursuant to I.R.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1 (as revised). (Declaration of Revenue Officer Meyer (hereinafter referred to as "Meyer Decl.") at ¶ 1).

6. Revenue Officer Lynne G. Meyer is conducting an examination to collect Kimberly A. Choi's income tax liability for the taxable years 2003 and 2004. (Meyer Decl. at ¶ 2).

7. Pursuant to this investigation, on October 18, 2010, Revenue Officer Hochman issued an administrative summons to the Respondent. (Hochman Decl. at ¶ 3 and Ex. A). The summons directed the Respondent to appear before Revenue Officer Meyer on November 18, 2010, to give testimony and produce for examination certain books, records, papers, and other data as described in the summons. (Meyer Decl. at ¶ 4 and Exhibit A).

8. Revenue Officer Lynne G. Meyer served the summons on the Respondent on October 19, 2010, by handing an attested copy of the summons to the Respondent's spouse, Doug Choi. (Meyer Decl. at ¶ 5 and Exhibit A).

9. On November 18, 2010, the scheduled designated date of appearance for compliance with the summons, and on November 23, 2010, the rescheduled designated date of appearance for compliance with the summons, Respondent did not appear. Respondent's refusal to satisfy the requirements of the summons continues. (Meyer Decl. at ¶ 6).

10. The books, records, papers, and other data sought by the summons are not in the possession of the IRS. (Meyer Decl. at ¶ 7).

11. All administrative steps required by the Internal Revenue Code for the issuance of an IRS summons have been followed. (Meyer Decl. at ¶ 8).

12. The testimony, books, records, papers, and other data sought by the summons may be relevant to the collection of Kimberly A. Choi's liability for income tax for the years 2003 and 2004. (Meyer Decl. at ¶ 9).

13. In order to obtain enforcement of a summons, the Petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58, (1964). The Petitioner's burden of satisfying the Powell requirements is a "slight one" that can be met merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993); Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).

14. In further support of this Petition, and incorporated herein by reference herein, the United States submits the Declaration of Revenue Officer Venice Hochman and Declaration of Revenue Officer Lynne G. Meyer and the attached exhibit. The Petitioner has met the Powell factors through these documents.

WHEREFORE, Petitioner United States of America respectfully prays as follows:

A. That this Court enter an order directing Respondent to show cause in writing, if any, why she should not comply with and obey the aforementioned IRS administrative summons and every requirement thereof as enumerated in the Declaration of Revenue Officer Lynne G. Meyer;

B. That this Court enter an order directing Respondent to fully obey the aforementioned summons and each requirement thereof as enumerated in the Declaration of Revenue Officer Lynne G. Meyer, by ordering the attendance, testimony, and production required and called for by the terms of the summons, before Revenue Officer Lynne G. Meyer, or any other proper officer or employee of the IRS, at such time and place as may be set by Revenue Officer Hochman or any other proper officer or employee of the IRS;

C. That the United States recover its costs incurred in maintaining this action; and

//

//

//

//

//

D. That the Court grant such other and further relief as the Court deems just and proper.

DATED: January 24, 2011, at Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

By ______________________
HARRY YEE
Assistant U.S. Attorney

Attorneys for Petitioner
UNITED STATES OF AMERICA